99 F.3d 400
 77 A.F.T.R.2d 96-427, 96-1 USTC P 50,059
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Paul C. MATTHEWS, and Vera C. Matthews, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-4122.
 United States Court of Appeals, Second Circuit.
 Dec. 8, 1995.
 
 APPEARING FOR PETITIONERS-APPELLANTS: PAUL C. MATTHEWS, Esq., New York, NY, attorney pro se.
 APPEARING FOR RESPONDENT-APPELLEE: LORETTA C. ARGRETT, Esq., Assistant Attorney General for the United States of America, Washington, D.C.
 U.S.T.C.
 AFFIRMED.
 Present LUMBARD, ALTIMARI and JACOBS, Circuit Judges.
 Appeal from the United States Tax Court (Laro, J.).
 
 
 1
 This cause came to be heard on the transcript of record from the United States Tax Court, and was argued by petitioner-appellant Paul C. Matthews, an attorney appearing pro se.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the tax court is affirmed.
 
 
 3
 Petitioners-Appellants Paul and Vera Matthews appeal pro se[1] from an order of the United States Tax Court, (Laro, J.), holding them liable for deficiencies in income tax for the years 1985 through 1987, plus interest and penalties. For reasons set forth below, we find the Matthewses' contentions on appeal are without merit.
 
 
 4
 The Fishing and Fuel Boat Ventures. Paul Matthews' principal source of income is from his practice of law. In 1982, one of Matthews' clients obtained a judgment against the owner of a commercial fishing vessel, the "DECO 23." The United States Marshal seized the fishing vessel when its owner became insolvent, and in November 1982, Matthews purchased it at auction for $100,000.
 
 
 5
 In 1984, Matthews hired James Lyons, an experienced commercial fisherman, to operate a fishing venture using the newly acquired fishing vessel. From 1985 to 1987, Matthews issued various checks to Lyons totaling at least $80,000 for an overhaul of the vessel. In 1985, the fishing venture had $25,000 in revenue, but did not earn a profit from 1985 to 1993.
 
 
 6
 Also in 1984, Matthews purchased the New York Marine Fuel Company and a vessel, the "Kevin D." for $350,000. The Kevin D was a self-propelled fuel barge that was licensed to provide fuel for ships anchored in New York harbor. In 1987, Matthews purchased a second fuel barge, the "Linekin Islander," for $115,000. Matthews leased both fuel barges to the New York Marine Fuel Company for $4,000 per month, to be paid only out of profits. The fuel barge venture never earned a profit, and Matthews never received any rental income from this arrangement.
 
 
 7
 The Matthewses' Tax Returns. In 1985, the Matthewses[2] reported approximately $53,000 in net income from Paul Matthews' law practice, gross income of $25,000 from the fishing venture, and deductions totaling $18,998 for depreciation of the fishing vessel. They claimed a cost basis in equipment installed on the vessel of $47,500, and in the vessel itself of $144,854. They also claimed an investment tax credit of $4,750 with respect to the purchase of the new electronic equipment, and expenses totaling $106,341 associated with the fishing venture. In 1986, the Matthewses reported $177,000 in net income from the law practice, no income from either the fishing or fuel boat ventures, and a deduction of $19,235 for depreciation of the fishing vessel. In 1987, they reported $501,000 in net profits from the law practice, no income from either the fishing or fuel boat ventures, and a deduction of $19,235 for depreciation of the fishing vessel. The 1987 return was filed over one year late.
 
 
 8
 On December 24, 1991, the Commissioner of Internal Revenue issued a notice of deficiency which disallowed the $4,500 investment credit claimed in 1985; determined that the Matthewses had improperly claimed a number of deductions in 1985, 1986 and 1987, and therefore that their taxes were deficient in those years; and imposed additional penalties for negligent and substantial understatement of tax and for filing the 1987 return late.
 
 
 9
 The Matthewses petitioned the United States Tax Court for relief from the Commissioner's determinations. On April 21, 1994, the tax court entered a final Judgment and Order holding that the Matthewses did not enter into the fishing or the fuel boat ventures with the intent to earn a profit. Accordingly, the tax court: (a) allowed a deduction for depreciation of the fishing vessel in 1985 (but not for the electronic gear), which had a substantiated basis of $100,000; (b) allowed an additional deduction of $1,100 for other expenses incurred and substantiated in conjunction with the fishing venture in 1985; (c) disallowed any deductions in 1986 and 1987 for either activity; and (d) disallowed the claimed investment credit or depreciation deduction in 1985 for electronic equipment because they had not substantiated this expense. The tax court also sustained the Commissioner's imposition of penalties for the negligent and substantial understatement of taxes. On July 22, 1994, the Matthewses filed a timely notice of appeal to this Court.
 
 
 10
 Whether the Ventures Were Conducted For Profit. The tax court's finding that a taxpayer lacked a profit motive is reviewed for clear error. Ranciato v. Commissioner, 52 F.3d 23, 26 (2d Cir.1995). Internal Revenue Code § 183 limits the amount of expenses that may be deducted for activities "not engaged in for profit." 26 U.S.C. § 183(a). An activity is engaged in for profit (and thus not subject to the limitations on deductions contained in I.R.C. § 183) if it is a "trade or business" within the meaning of I.R.C. § 162. See Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir.1990); see also 26 U.S.C. § 162. For an activity to constitute a trade or business within the meaning of section 162, "the taxpayer's primary purpose for engaging in the activity must be for income or profit." Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). Whether a taxpayer is engaged in an activity for the purpose of realizing a profit is determined in accordance with objective standards set forth in the Treasury Regulations. Ranciato, 52 F.3d at 25. The taxpayer bears the burden of demonstrating that an activity was engaged in for profit. Welch v. Helvering, 290 U.S. 111, 115 (1933).
 
 
 11
 The Treasury Regulations promulgated pursuant to I.R.C. § 183 emphasize that "in determining whether an activity is engaged in for profit, greater weight is given to objective facts than to the taxpayer's mere statement of his intent." Treas. Reg. § 1.183-2(a). Under these regulations, "[a]n activity is engaged in for profit if the taxpayer entertained an actual and honest, even though unreasonable or unrealistic, profit objective in engaging in the activity." Ranciato, 52 F.3d at 25 (quoting Campbell v. Commissioner, 868 F.2d 833, 836 (6th Cir.1989)). These Regulations set forth nine factors to be considered: (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, that are earned; (8) the financial status of the taxpayer; and (9) the presence of personal motives. Treas. Reg. § 1.183-2(b)(1) to (9).
 
 
 12
 These factors point to the conclusion that the Matthewses engaged in neither venture for profit. The Matthewses did not keep complete or accurate books and records for either venture. Paul Matthews wrote checks for expenses incurred in both ventures from several different accounts, including his personal and his law office checking accounts. The Matthewses had no prior experience in the fishing or fuel boat businesses. While they hired an experienced commercial fisherman to run the fishing venture, they did not consult experts in appraising any of the vessels before purchasing them, and did not undertake a market study or some other preliminary assessment of the businesses which they were entering. They admitted that they spent little time or effort on either venture, and offered no evidence that they had ever been successful in similar activities. Neither the fishing venture nor the fuel boat venture has ever earned a profit. While losses due to fortuitous circumstances are not an indication that an activity was not engaged in for profit, see Treas. Reg. § 1.183-2(b)(6), the Matthewses did not offer any evidence indicating their losses were attributable to down business cycles, supply problems, etc. Finally, Paul Matthews stated that he purchased the fishing vessel to assist a client and secure his attorney's fees, and purchased the fuel boat business to provide a livelihood for his son.
 
 
 13
 On appeal, the Matthewses rely only on the testimony of Paul Matthews in support of their position that they entered into both ventures for a profit. As Treasury Regulation § 1.183-2(a) states, "greater weight is given to objective facts than to the taxpayer's mere statement of his intent." In light of the above objective evidence, we hold that the tax court did not clearly err in determining that the Matthewses did not enter into the fishing and fuel boat ventures for a profit, and therefore the tax court properly found that they may only deduct expenses to the extent of gross income derived from each venture for that year.
 
 
 14
 Whether Expenses and Cost Basis Were Substantiated. The tax court found that, while the Matthewses deducted $106,341 in expenses associated with the fishing venture in 1985, they could only provide documentation for expenses totaling $1,100. The tax court also found that the Matthewses could not substantiate improvements to the fishing vessel in which they claimed a depreciable tax basis of $47,500 and a tax credit of $4,750. With respect to the cost basis of the vessels, the tax court found that the Matthewses were able to substantiate a basis in the fishing vessel of $100,000, and thus allowed a depreciation deduction based on this amount for 1985. On appeal, the Matthewses contend that testimonial and documentary evidence (canceled checks) substantiates over $97,000 in expenses associated with the fishing venture, and over $47,000 in capital improvements to the fishing vessel, yielding an adjusted basis in this vessel of over $147,000.
 
 
 15
 The taxpayer bears the burden of proving entitlement to all deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer must keep sufficient records to substantiate claimed expenses and deductions. 26 U.S.C. § 6001. A tax court's determination that a taxpayer failed to substantiate deductions must be sustained unless clearly erroneous. Portillo v. Commissioner, 932 F.2d 1128, 1134. The Matthewses provided little or no documentation for their claimed expenses, and the checks to which they refer on appeal were characterized as non-deductible loans, not expenses. Since the Matthewses did not satisfy their burden of showing that they were entitled to any claimed deductions, we hold that the tax court's finding that the Matthewses had failed to substantiate their claimed deductions was not clearly erroneous.
 
 
 16
 Whether Penalties Were Proper. The Commissioner determined that the Matthewses were negligent for underpayment of income taxes in 1985, 1986 and 1987, and therefore found that they were liable for a penalty tax under 26 U.S.C. § 6653(a). The Commissioner also found that the Matthewses substantially understated their taxes in those years, and thus were liable for an additional tax under 26 U.S.C. § 6661(a).[3] The tax court upheld both determinations.
 
 
 17
 The Commissioner's determinations in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of showing that they are erroneous. Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of producing evidence establishing reasonable care remains at all times with the taxpayer. Danville Plywood Corp. v. United States, 899 F.2d 3, 7 (Fed.Cir.1990)
 
 
 18
 On appeal the Matthewses contend that they cannot be held liable for negligence or substantial understatement of tax because they had a good faith belief that they were entering the fishing and fuel boat ventures for profit. However, the tax court found as a fact that the Matthewses lacked a good faith expectation of profit in entering into the ventures. We hold therefore that the penalties were properly assessed. See Edwards v. Commissioner, 58 T.C.M. (CCH) 1394 (U.S. Tax Ct.1990) (upholding imposition of penalties where taxpayer found not to have conducted activity for profit).
 
 
 19
 For the above stated reasons, we therefore affirm the judgment of the district court.
 
 
 
 [1]
 Paul Matthews, a lawyer, represents the petitioners as attorney pro se
 
 
 [2]
 Paul and Vera Matthews filed joint returns for all relevant years
 
 
 [3]
 This provision of the tax code has since been repealed. See Pub.L. 101-239, Title VII, § 7721(c)(2), 103 Stat. 2399 (Dec. 19, 1989). Section 6661 is still applicable, however, to returns the due date for which was prior to December 31, 1989. Id